JHS/dlh 101 292 017

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RON DREYER and NICKLAUS DREYER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.   09-1406 |
| TIMMOTHY CARLTON and MICHAEL LUEDKTKE, | ) ) ) ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME Defendants, TIMMOTHY CARLTON and MICHAEL LUEDTKE, by their attorney, Peter R. Jennetten, and for their Answer and Affirmative Defenses to Plaintiffs' Complaint at Law, state as follows:

**COMMON ALLEGATGIONS**

1.      Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 1, and therefore effectively deny the same.

2.      Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 2, and therefore effectively deny the same.

3.      Defendants admit the allegations in paragraph 3.

4.      Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 4, and therefore effectively deny the same.

5.      Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 5, and therefore effectively deny the same.

6. Defendants admit the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

## COUNT I

1-11. Defendant repeats and realleges his answers to paragraphs 1 through 11 of the Common Allegations and incorporates the same by reference as though fully set forth herein.

12. Paragraph 12 asks for a legal conclusion for which no answer is necessary.

13. Paragraph 13 asks for a legal conclusion for which no answer is necessary.

14. Defendant denies the allegations in paragraph 14.

15. Paragraph 15 asks for a legal conclusion for which no answer is necessary.

WHEREFORE, Defendant, MICHAEL LUEDTKE, prays this Court enter judgment in bar of Count I of Plaintiffs' Complaint, that Defendant have his costs at Plaintiffs' expense, and for such other and further relief as this Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT II

1-11. Defendant repeats and realleges his answers to paragraphs 1 through 11 of the Common Allegations and incorporates the same by reference as though fully set forth herein.

12. Defendant denies the allegations in paragraph 12.

13. Paragraph 13 asks for a legal conclusion for which no answer is necessary.

WHEREFORE, Defendant, MICHAEL LUEDTKE, prays this Court enter judgment in bar of Count II of Plaintiffs' Complaint, that Defendant have his costs at Plaintiffs' expense, and for such other and further relief as this Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT III

1-11. Defendant repeats and realleges his answers to paragraphs 1 through 11 of the Common Allegations and incorporates the same by reference as though fully set forth herein.

12. Paragraph 12 asks for a legal conclusion for which no answer is necessary.

13. Paragraph 13 asks for a legal conclusion for which no answer is necessary.

14. Defendant denies the allegations in paragraph 14.

15. Paragraph 15 asks for a legal conclusion for which no answer is necessary.

WHEREFORE, Defendant, TIMMOTHY CARLTON, prays this Court enter judgment in bar of Count III of Plaintiffs' Complaint, that Defendant have his costs at Plaintiffs' expense, and for such other and further relief as this Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

### COUNT IV

1-11. Defendant repeats and realleges his answers to paragraphs 1 through 11 of the Common Allegations and incorporates the same by reference as though fully set forth herein.

12. Defendant denies the allegations in paragraph 12.

13. Paragraph 13 asks for a legal conclusion for which no answer is necessary.

WHEREFORE, Defendant, TIMMOTHY CARLTON, prays this Court enter judgment in bar of Count IV of Plaintiffs' Complaint, that Defendant have his costs at Plaintiffs' expense, and for such other and further relief as this Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

### FIRST AFFIRMATIVE DEFENSE - QUALIFIED IMMUNITY
### COUNTS I & III

Defendants, TIMMOTHY CARLTON and MICHAEL LUEDTKE, are entitled to qualified immunity as set forth in *White v. City of Markham*, 310 F.3d 989, 993 (7th Cir. 2002). At all relevant times, Defendants could reasonably believe that their actions were lawful and did not constitute an excessive use of force. As such, they are entitled to qualified immunity and are shielded from liability for damages.

WHEREFORE, Defendants, TIMMOTHY CARLTON and MICHAEL LUEDTKE, pray this Court enter judgment in bar of Plaintiffs' Complaint, that defendant have their costs at plaintiffs' expense, and for such other and further relief as this Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

### SECOND AFFIRMATIVE DEFENSE - TORT IMMUNITY
### COUNTS II & IV

Defendants, TIMMOTHY CARLTON and MICHAEL LUEDTKE, are immune pursuant to §§ 2-109, 2-201, 2-202, and 2-209 of the Tort Immunity Act, 745 ILCS 100/1-101 et. seq.

WHEREFORE, Defendants, TIMMOTHY CARLTON and MICHAEL LUEDTKE, pray this Court enter judgment in bar of Plaintiffs' Complaint, that defendant have their costs at plaintiffs' expense, and for such other and further relief as this Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

### THIRD AFFIRMATIVE DEFENSE - COMPARATIVE NEGLIGENCE
### COUNTS II & IV

1. Plaintiffs, Ron Dreyer and Nicklaus Dreyer, contributed to their own alleged injuries by committing the following negligent acts:

    a. Failed to take the appropriate safety precautions;

    b. Failed to take care against or be aware of the dangers in the acts they were performing;

    c. Failed to otherwise exercise ordinary care in preventing injury to themselves and others;

    d. Engaging in a physical altercation with police officers; and

    e. Failing to follow lawful orders and directions given by police officers.

2. As a direct and proximate result of one or more of the following negligent acts, plaintiffs have claimed they sustained injuries and have sought recovery against these defendants.

3.      Pursuant to 735 ILCS 5/2-1116, plaintiffs' claim should be barred or, in the alternative, reduced based upon the comparative fault of plaintiffs.

WHEREFORE, Defendants, TIMMOTHY CARLTON and MICHAEL LUEDTKE, pray this Court enter judgment in bar of Plaintiffs' Complaint, or, in the alternative, that Plaintiffs' recovery be reduced by an amount commensurate with the Plaintiffs' comparative fault, and for such other and further relief as the Court deems just and appropriate.

DEFENDANTS DEMAND TRIAL BY JURY.

### FOURTH AFFIRMATIVE DEFENSE - JOINT & SEVERAL LIABILITY

1-3.    Defendants hereby incorporate paragraphs 1 through 3 of their Third Affirmative Defense as paragraphs 1 through 3 of their Fourth Affirmative Defense.

4.      Pursuant to 735 ILCS 5/2-1117, "Any party whose fault is less than 25% of the total fault shall be severally liable for all damages other than past and future medical and medically related expenses. If this defendant is found liable, which liability as they have denied and continue to deny, their fault is less than 25% of the total fault and are entitled to be found severally liable only pursuant to 735 ILCS 5/2-1117."

WHEREFORE, Defendants, TIMMOTHY CARLTON and MICHAEL LUEDTKE, pray this Court enter an Order, in the event that they are found liable to the Plaintiffs, finding that the Defendants are severally liable only to Plaintiffs for all damages other than past and future medial and medically related expenses, and for such other and further relief as this Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

>TIMMOTHY CARLTON and MICHAEL LUEDTKE, Defendants
>
>By: _____*s/Peter R. Jennetten*_____
>Peter R. Jennetten
>QUINN, JOHNSTON, HENDERSON,
>PRETORIUS & CERULO

Peter R. Jennetten
Jay H. Scholl
QUINN, JOHNSTON, HENDERSON,
    PRETORIUS & CERULO
227 NE Jefferson Street
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
I:\1\Civil\Dreyer v. Carlton 101 292 017\answer and aff def.wpd

## Certification

      Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned attorney states that he has prepared the above and foregoing Answer on behalf of the Defendants, and certifies that the responses contained therein as to insufficient knowledge to admit or deny certain allegations of Plaintiffs' Complaint are true and correct to the best of his information, knowledge, and belief as of the date hereof.

                                                 *s/Peter R. Jennetten*
                                                  Peter R. Jennetten
                                       QUINN, JOHNSTON, HENDERSON,
                                            PRETORIUS & CERULO

## CERTIFICATE OF SERVICE

I hereby certify that on **December 15, 2009**, I electronically filed this **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

James R. Lindig
FABRICIUS, KOENIG & LINDIG
320 W. Jefferson Street
Suite 200
Ottawa, IL 61350

                                 *s/Peter R. Jennetten*
                                 Peter R. Jennetten
                                 QUINN, JOHNSTON, HENDERSON,
                                 PRETORIUS & CERULO
                                 227 N.E. Jefferson Street
                                 Peoria, IL  61602-1211
                                 Telephone:  (309) 674-1133
                                 Facsimile:  (309) 674-6503
                                 E-mail: pjennetten@qjhp.com